## Solomon Herzog v. I. H. Schoen et al.

1.  DECREES—*Upon Conflicting Evidence.*—Where, upon a hearing on conflicting testimony, the chancellor who hears the testimony and sees the witnesses dismisses the bill for want of equity, the Appellate Court will not disturb the decree.

**Bill for Relief.**—Trial in the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.  Decree for plaintiffs.  Appeal by defendant.  Heard in this court at the March term, 1898.  Affirmed. Opinion filed October 17, 1898.

JAMES J. HOCH, attorney for appellant.

WING, CHADBOURNE & LEACH, attorneys for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

An appeal from a judgment of a justice of the peace in favor of appellees and against appellant was pending in the Circuit Court, and upon a general call of the common law docket of that court the appeal was dismissed, as the record shows, for want of prosecution, and upon the motion of plaintiffs' attorney.

No motion was made for reinstatement of the appeal within the ninety days allowed therefor by rule of the Circuit Court. But after the expiration of the ninety days appellant exhibited his bill in chancery, asking by way of relief that appellees be enjoined from proceeding to enforce their judgment obtained in the court of the justice of the peace. The equitable ground upon which the bill proceeds is, that there was mistake in the entering of the order of dismissal. It is alleged that upon the general call, appellant's attorney instructed another attorney to appear for him and have the cause marked for trial, and that the attorney did attend the call, and when the cause in question was called did announce that it was for trial, and that the order dismissing the appeal, was entered by mistake of the court. Upon the hearing evidence was given to this effect by one witness in

support of the bill.   On the other hand, one of the attorneys for appellees testified that he attended the general call, that when the cause was called no response was made by any one on behalf of appellant, and that upon motion of plaintiffs' (appellees') attorney, the appeal was dismissed.

Upon this conflicting testimony, the trial court dismissed the bill for want of equity.   With this conclusion, reached by the chancellor who heard the testimony and saw the witnesses, we can not interfere.   We are inclined to the view that, without any question as to the credibility of the witnesses, the preponderance of the evidence was, as the chancellor found, with appellees; for although the testimony given by witnesses was apparently equally balanced, yet that for the appellees was corroborated by the record.   The decree is affirmed.